UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SPECNOR TECNIC CORP.,

    Plaintiff,

v.                                  Case No. 8:10-CV-01148 RAL-MA

SPEEDLINE TECHNOLOGIES, INC.,

    Defendant.
_____/

## ANSWER AND COUNTERCLAIMS

Defendant SPEEDLINE TECHNOLOGIES, INC. ("Speedline"), by its counsel, responds as follows to the Complaint for Declaratory Judgment.

1.     Admitted.

2.     Denied.

3.     No response required.

4.     No response required.

5.     Admitted.

6.     Admitted.

7.     Admitted, except denied as to the identification of Electrovert as Speedline's "sister company."

8.     Admitted.

9.     As to the first sentence of paragraph 9, the '489 patent speaks for itself. As to the remainder of paragraph 9, admitted.

10.     No response required. The '489 patent speaks for itself.

11.     Admitted.

1

12. Denied to the extent that paragraph 12 is intended be an exhaustive list of issues that the Prior Litigation concerned; otherwise admitted.

13. As to the first two sentences, denied to the extent that paragraph 13 is intended to state an exhaustive list of the ways in which Specnor's "conversion kits" are capable of being used; otherwise admitted. As to the third sentence, no response is required.

14. Denied to the extent that the "Pre-2001 Products" identified in paragraph 13 of the Complaint are intended to be an exhaustive list of products admitted by Specnor to infringe the '489 patent; otherwise admitted.

15. Denied.

16. Denied to the extent that the "Pre-2001 Products" identified in paragraph 13 of the Complaint are an exhaustive list of products on which Specnor agreed to pay the $4,000.00 royalty; otherwise admitted.

17. Denied.

18. Denied.

19. As to the first sentence of paragraph 19, denied. As to the second and third sentences of paragraph 19, admitted.

20. Denied.

21. Denied.

22. Speedline admits that Specnor offered to gather and send relevant documents to Speedline at its offices; otherwise denied

23. As to the first sentence of paragraph 23, admitted. As to the second sentence, admitted only that Specnor allowed the auditor to enter Specnor's facilities. Otherwise denied.

24. Admitted, except as to whether the fee provision was not known by Specnor, which Speedline has insufficient knowledge and information to form a belief as to the truth of that allegation and therefore denies.

25. Admitted that the auditor identified 32 sales of products and/or combinations of products that constitute a nitrogen retrofit kit, for which Specnor had not paid the agreed-upon $4,000.00 per kit royalty; otherwise denied.

26. Denied.

27. Denied.

28. Denied.

29. As to the first sentence of paragraph 29, admitted. As to the second and third sentences of paragraph 29, Speedline has insufficient knowledge and information to form a belief as to the truth of the allegations, and therefore denies them.

30. Denied.

31. Admitted to the extent that Specnor refused to pay Speedline. Otherwise, denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Speedline incorporates by reference paragraphs 1-35 above.

37. Speedline cannot respond to this paragraph because the use of the term "exert" is not understood.

38. No response required.

39. No response required.

40. Admitted.

41. No response required.

## COUNTERCLAIMS – Jury Trial Demanded

1. Speedline Technologies is a Delaware corporation with its principal place of business at 16 Forge Park, Franklin, Massachusetts 02038.

2. On information and belief, Specnor Tecnic Corp. ("Specnor") is a foreign corporation having its principal place of business at 5350 J. Armand Bombardier, St.-Hubert, Quebec, Canada J32 1J1.

3. These counterclaims are for patent infringement, for breach of contract under Florida law, and for contempt of this Court. This Court has federal subject matter jurisdiction over the patent infringement counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338(a), over the breach of contract counterclaims pursuant to 28 U.S.C. § 1367(a), and over the contempt pursuant to its inherent powers.

4. Venue is proper pursuant to 28 U.S.C. § 1391 because the parties previously agreed that this Court is the proper forum in which to resolve disputes relating to the '489 patent and because these counterclaims involve the Prior Litigation which was before this Court.

5. In September 2000, Speedline and Electrovert Ltd. commenced a civil action in this district court, against Specnor for patent and trademark infringement, false advertising, unfair competition, and trademark dilution. That action was accorded Civil Action No. CV-2033-T-26. (the "Prior Litigation").

4

6. The Prior Litigation was resolved in May 2001 with the court's entry of a Joint Stipulation signed by the parties (Doc. 1-2) and an Agreed Order and Permanent Injunction, a copy of which is attached hereto as Exhibit 1.

### FIRST COUNTERCLAIM: PATENT INFRINGEMENT

7. Speedline incorporates by reference the allegations of paragraphs 1-6 of the Counterclaims.

8. Speedline is the owner by assignment of U.S. Patent No. 5,203,489, entitled "Gas Shrouded Wave Soldering," which issued on April 20, 1993. A copy of that patent is attached as Exhibit A to the Complaint (Doc. 1-1).

9. In the Joint Stipulation signed by Specnor and entered by the Court in the Prior Litigation, Specnor stipulated that "the '489 patent is valid and enforceable for the purposes of ... any future litigation."

10. Specnor further agreed "not to challenge or cause to be challenged, directly or indirectly, the validity or enforceability of the '489 patent in any court or other tribunal, including the United States Patent and Trademark Office.

11. Specnor also agreed to "[waive] any and all invalidity and unenforceability defenses, as to the '389 patent, in any future litigation, arbitration, or other proceeding."

12. Specnor agreed that "[t]his waiver applies to any product made, used, or sold by [Specnor] or any of [its] assignees, successors or those who act for or in concert with any of [it] at any time during the life of the '489 patent."

13. Specnor is engaged in the manufacture, use, offer for sale, and sale in the United States of products that infringe one or more claims of the '489 patent.

14. Specnor has contributed to the infringement of the '489 patent by its manufacture, use, offer for sale and sale in the United States of components that constitute material parts of inventions covered by one or more claims of the '489 patent, with knowledge that the components are especially made for use in products that themselves constitute an infringement of one or more claims of the '489 patent.

15. Specnor has induced others to infringe one or more claims of the '489 patent by directing those to whom it has sold components that constitute material parts of inventions covered by one or more claims of the '489 patent to utilize the components in a manner that constitutes infringement of one or more claims of the '489 patent.

16. Specnor's acts of infringement are on-going.

17. Specnor's acts of infringement were undertaken with full awareness of the claims of the '489 patent and are willful. Specnor, on information and belief, knew or should have known that its products and components infringe one or more claims of the '489 patent.

18. Speedline has been damaged and is being damaged by Specnor's acts of infringement; said acts of infringement have caused and will continue to cause irreparable harm to Speedline unless enjoined.

## SECOND COUNTERCLAIM: BREACH OF CONTRACT

19. Speedline incorporates by reference the allegations of paragraphs 1-6 and 8-16 of the Counterclaims.

20. In the Joint Stipulation, Specnor was granted a "non-exclusive, royalty-based license to manufacture, use, offer for sale and sell products covered by the '489 patent with the United States."

21. Specnor agreed to pay Speedline "a royalty under the '489 patent of $4,000 for each inert wave solder machine or nitrogen retrofit kit manufactured, offered for sale, used or sold in the United States that is covered by one or more claim of the '489 patent."

22. Speedline, pursuant to the Joint Stipulation, conducted an audit of Specnor Tecnic. The audit uncovered at least 26 invoices identifying the sale of a total of 32 products and/or combinations of products that constitute a nitrogen retrofit kit, without payment of the agreed-upon royalty in violation of paragraph 9 of the Joint Agreement. Each of these products and/or combinations of products includes a shroud or cover and a gas diffuser tube that are no different than the cover and gas diffuser tube contained in the "retrofit kits" admitted to be infringing by Specnor.

23. Specnor has refused to pay the stated royalty for these 32 products or combination of products, and is therefore in breach of the Joint Stipulation.

24. In the Joint Stipulation, Specnor agreed to "change its part numbering system and discontinue its use of Electrovert part numbers by December 31, 2002."

25. Pursuant to an Agreed Order and Permanent Injunction issued by this Court on May 29, 2001, Specnor was ordered to "[c]hange its part numbering system to cease the use of Electrovert part numbers, on or before December 31, 2002."

26. On information and belief, subsequent to December 31, 2002, Specnor continued to use Electrovert part numbers, in breach of the Joint Stipulation and in violation of the Agreed Order and Permanent Injunction, until at least July 2010, having merely added an "S-" at the beginning of each Electrovert part number.

27. Specnor's aforesaid actions constitute a breach of contract through which Speedline has suffered damaged.

## THIRD COUNTERCLAIM: CONTEMPT OF COURT

28. Speedline incorporates by reference the allegations of paragraphs 1-6, 8-16 and 19-26 of the Counterclaims.

29. The aforesaid actions of Specnor constitute a violation of this Court's Agreed Order and Permanent Injunction and constitute contempt of an order of this Court.

30. Speedline hereby demands trial by jury on each of its Counterclaims.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Speedline prays that this Court:

A. Preliminarily and permanently enjoin Specnor from manufacturing, using, offering for sale, and selling any device that infringes the '489 patent.

B. Preliminarily and permanently enjoin Specnor from contributing to the infringement of the '489 patent.

C. Preliminarily and permanently enjoin Specnor from inducing others to infringe the '489 patent.

D. Preliminarily and permanently enjoin Specnor from breach of the Joint Stipulation.

E. Issue an Order holding Specnor in Contempt for violation of the Agreed Order and Permanent Injunction.

F Award to Speedline all damages incurred by reason of Specnor's acts of patent infringement.

G. Award Speedline increased damages pursuant to 35 U.S.C. Section 284.

H. Aware Speedline its damages incurred by reason of Specnor's breach of contract and contempt of court.

I.  Award Speedline its attorney fees, both under the contract between the parties and due to the exceptional nature of this case under the Patent laws, and costs incurred in this action.

J.  Award Speedline such other and further relief as the court deems just and proper.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on the 12th day of August, 2010, the foregoing was electronically filed with the Clerk of the Court using the CM/ECF system, which will send a notice of filing to the following counsel: **Michael John Colitz, III** and **Woodrow Heath Pollack,** GrayRobinson, PA, 201 N. Franklin Street, Suite 2200, Tampa, FL 33602.

/s/ Joseph J. Weissman
Joseph J. Weissman, FBN 0041424
JOHNSON, POPE, BOKOR,
 RUPPEL & BURNS, LLP
403 E. Madison Street, 4th Floor
Tampa, FL 33602
(813) 225-2500
(813) 223-7118 (Fax)
E-Mail: josephw@jpfirm.com

and

Keith F. Noe
John L. Welch
Thomas P. McNulty
LANDO & ANASTASI, LLP
Riverfront Office Park
One Main Street – 11th Floor
Cambridge, MA 02142
(617) 395-7000
E-Mail: emailservice@lalaw.com

#137707

FILED

01 MAY 29 PM 4:29

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ELECTROVERT LTD. and )
SPEEDLINE TECHNOLOGIES, INC., )
)
Plaintiffs, )
)
v. ) CASE NO. 00-CV-2033-T-26
)
SPECNOR TECNIC CORP., )
Defendant. )

AGREED ORDER AND PERMANENT INJUNCTION

Upon the agreement of the parties, the Court hereby enters this Agreed Order and Permanent Injunction on the following basis:

IT IS ORDERED THAT:

1. Unless licensed by Plaintiffs, Defendant, its officers, agents, servants, employees, attorneys, affiliates, including but not limited to "Spectec" and "Spectec Corp.," or any of them, and all persons acting in concert or participation with Defendant, or with any of the foregoing, are permanently enjoined from manufacturing, using, offering for sale, or selling in the United States at any time after entry of this Order any wave solder apparatus that infringes any claim of U.S. Patent No. 5,204,489 (the '489 patent) literally or under the doctrine of equivalents.

2. Defendant, its officers, agents, servants, employees, attorneys, affiliates, including but not limited to "Spectec" and "Spectec Corp.," or any of them, and all persons acting in concert or participation with Defendant, or with any of the foregoing, are permanently enjoined from using the Electrovert, Econopak, Omniflo, Ultrapack, and Atmos 2000 trademarks, and any other trademark or service mark of the Plaintiffs (collectively "Plaintiffs' Trademarks") or any



EXHIBIT A

35

other word or mark that is confusingly similar to the Plaintiffs' Trademarks in connection with the sale, offering for sale, distribution, advertising, or promotion of any goods or services, without (1) using an "®" or "™" designation following any such Plaintiffs' Trademark, and (2) including a legend, in a clear and legible type face, indicating that the trademark is a registered trademark of Plaintiffs or is a trademark owned by the Plaintiffs;

3. Defendant, its officers, agents, servants, employees, attorneys, affiliates, including but not limited to "Spectec" and "Spectec Corp.," or any of them, and all persons acting in concert or participation with Defendant, or with any of the foregoing, are permanently enjoined from falsely or misleadingly representing, by words or conduct, that any product made, offered for sale, sold, or distributed by the Defendant, or that any services offered for sale, sold, advertised, or rendered by the Defendant, is authorized, sponsored, or endorsed by, or otherwise connected with Plaintiffs.

4. Defendant, its officers, agents, servants, employees, attorneys, affiliates, including but not limited to "Spectec" and "Spectec Corp.," or any of them, and all persons acting in concert or participation with Defendant, or with any of the foregoing, are permanently enjoined from using the abbreviation "EVT" in connection with the advertising, promotion, description or sale of any goods or services, including any use in connection with any Web sites.

5. Defendant is further directed to:

a. Include one time in any future advertisement, including Defendant's Internet Web Site, a statement that Defendant is not in any way authorized, sponsored, or endorsed by, or otherwise connected with Electrovert; and

b. Change its part numbering system to cease the use of Electrovert part numbers, on or before December 31, 2002.

6. Defendant acknowledges the jurisdiction of this Court to enter and enforce this Order. In the event that any part of this Order is violated by the Defendant or any other persons, the Plaintiffs may by motion with notice to the attorneys for the Defendant apply for sanctions or such other relief as may be appropriate. The prevailing party in any such action shall be entitled

to recover any and all costs, including attorney fees, incurred in successfully enforcing or defending any provision of this Order.

This Order represents the final resolution of all claims raised in this litigation.

IT IS FURTHER ORDERED that all costs and expenses are taxed against the party incurring same.

Entered by the Court, this ___ day of _____, 2001.

_____
United States District Court Judge


TPA1 #1137433 v1

TRA 1517565v1